UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RAYMOND COOK<br>      Petitioner,<br><br>v.<br><br>DAVID NOLAN<br>      Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. 04-11191-NG

## ANSWER

Pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, the respondent hereby answers the petition for writ of habeas corpus of the petitioner Raymond Cook.

1. Admitted. Further answering, the respondent states that the petitioner was convicted in Bristol Superior Court in New Bedford, Massachusetts.

2. Admitted.

3. Admitted. Further answering, the respondent states that the petitioner was sentenced to life in state prison.

4. Admitted.

5. Admitted. To the extent that paragraph 5 of the petition contains allegations of fact, the respondent states that the state court record speaks for itself. Further answering, the respondent denies each and every allegation of fact that does not comport exactly with the state court record of the petitioner's criminal proceedings or the SJC's elucidation of the facts.

6. Admitted.

7. Admitted. To the extent that paragraph 7 of the petition contains allegations of fact, the respondent states that the state court record speaks for itself. Further answering, the respondent denies each and every allegation of fact that does not comport exactly with the state court record of the petitioner's criminal proceedings or the SJC's elucidation of the facts.

8. Admitted.

9(a). Denied. Further answering, the respondent states that the name of the court is the Massachusetts Supreme Judicial Court ("SJC").

9(b). Denied. Further answering, the respondent states that the SJC affirmed the petitioner's conviction and the order denying his motion for a new trial.

9(c). Denied. Further answering, the respondent states that the date of the result is March 5, 2003 and the citation is *Commonwealth v. Cook*, 438 Mass. 766, 784 N.E.2d 608 (2003).

9(d). Denied. Further answering, the respondent states that the petitioner raised the following grounds in his appeal to the SJC, (1) whether the trial court erred in denying the petitioner's motion for a new trial without a hearing when the record before the trial court required the granting of a new trial; (2) whether the trial court's concluding instruction, twice repeated and never corrected, that if the Commonwealth proves malice "the defendant's mental impairment does not excuse or justify his actions" considered together with burden-shifting instructions on a non-existent defense of diminished capacity manslaughter, confused the jury as to create a miscarriage of justice requiring a

new trial; and (3) whether the jury's verdict was against the weight of the evidence and a

new trial should be granted pursuant to G.L. c. 278, § 33E.

9(e).  Denied.  Further answering, the respondent states that the SJC is the highest state

court in Massachusetts.

9(f)(1).  Admitted.

9(f)(2).  Admitted.

9(f)(3).  Admitted.  Further answering, the respondent states that the citation is

*Cook v. Massachusetts*, 124 S.Ct 129 (2003).

9(f)(4).  The respondent states that he lacks knowledge or information to form a

belief as to the truth of the allegations contained in paragraph 9(f)(4) and calls upon the

petitioner to prove same.

10.  Denied.  Further answering, the respondent states that the petitioner filed a motion

for a new trial in Bristol Superior Court.

11(a)(1).  Left blank by petitioner.  Further answering the respondent states that the

name of the court is Bristol Superior Court.

11(a)(2).  Left blank by petitioner.  Further answering the respondent states that the

nature of the proceeding is a Motion for a New Trial.

11(a)(3).  Left blank by petitioner.  Further answering the respondent states that the

grounds raised included:  (1) trial counsel failed to honor the petitioner's decision not to

offer an insanity defense; (2) trial counsel failed to honor the petitioner's decision to

testify and inform the jury of his factual innocence; (3) trial counsel failed to honor the

petitioner's desire to appear at trial unmedicated; and (4) the trial judge neglected to

3

instruct the jury that "the degree of murder must be decided by the jury" as required by statute and *Commonwealth v. Vinnie*, 428 Mass. 161 (1998), and the petitioner was thus denied his statutory and common law right to a mitigated verdict.

11(a)(4). Left blank by petitioner. Further answering the respondent states that the petitioner did not receive an evidentiary hearing on his motion for a new trial.

11(a)(5). Left blank by petitioner. Further answering the respondent states that the motion for a new trial was denied.

11(a)(6). Left blank by petitioner. Further answering the respondent states that the motion for a new trial was denied on May 31, 2001.

11(b). Left blank by petitioner.

11(c). Left blank by petitioner. Further answering the respondent states that the petitioner appealed the denial of his motion for new to the SJC in a consolidated appeal of his conviction and the denial of his motion for a new trial.

11(d). Left blank by petitioner.

12A.    (Ground one). The respondent denies each and every allegation of fact contained in paragraph 12A of the petition for writ of habeas corpus. Answering further, the respondent states paragraph 12A contains conclusions of law that require no response. Further answering, the respondent states that the petitioner has failed to state a claim upon which relief can be granted.

13.    Left blank by petitioner.

14.    Left blank by petitioner.

15.    Admitted.

4

16.     Left blank by petitioner.

17.     Left blank by petitioner.

Pursuant to Rule 5, Respondent's Supplemental Materials are filed herewith, containing the following documents:

1.      Docket Entries, *Commonwealth v. Cook*, BRCR 1994-35042.

2.      Docket Entries, *Commonwealth v. Cook*, BRCR 1994-35042.

3.      Defendant's Motion for New Trial, *Commonwealth v. Cook*, SJC No. 8280.

4.      Defendant's *Pro Se* Motion for Leave to Amend His Motion for New Trial, *Commonwealth v. Cook*, SJC No. 8280.

5.      Defendant's *Pro Se* Amended Motion for New Trial, *Commonwealth v. Cook*, SJC No. 8280.

6.      Commonwealth's Opposition to Defendant's Motion for New Trial, *Commonwealth v. Cook*, BRCR 1994-35042.

7.      Defendant's Brief and Record Appendix, *Commonwealth v. Cook*, SJC No. 08280.

8.      Commonwealth's Brief and Supplemental Appendix, *Commonwealth v. Cook*, SJC No. 08280.

9.      Defendant's Reply Brief, *Commonwealth v. Cook*, SJC No. 8280.

10.     *Commonwealth v. Cook*, 438 Mass. 766, 784 N.E.2d 608 (2003).

11.     Docket Entries, *Commonwealth v. Cook*, SJC-08280.

12.     Docket Entries, *Cook v. Massachusetts*, United States Supreme Court No. 02-11028.

## First Defense

The petition for writ of habeas corpus should be dismissed where the petitioner has not exhausted his ineffective assistance of counsel claim.

## Second Defense

The petition should be denied because it fails to state a claim upon which relief can be granted.

## Third Defense

The petition should be denied because the decision of the state court was not contrary to, or involve an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d)(1).

## Fourth Defense

The petition should be denied because the decision of the state court was not based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings, and the petitioner cannot rebut the presumption of the correctness of those facts by clear and convincing evidence. *See* 28 U.S.C. §§ 2254(d)(2), (e)(1).

Respondent respectfully reserves the right to amend or supplement this Answer in the future should that need arise.

Respectfully submitted,

THOMAS F. REILLY
Attorney General

*Eva M. Badway*
Eva M. Badway
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ext. 2824
BBO # 635431

Dated: July 9, 2004

## CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2004, I caused a copy of the above <u>Answer</u> to be served by first-class mail, postage prepaid, upon Raymond Cook, *pro se*, MCI-Cedar Junction, P.O. Box 100, South Walpole, MA 02071.

*Eva M. Badway*
Eva M. Badway