UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| RAYMOND COOK<br>Petitioner,<br><br>v.<br><br>DAVID NOLAN<br>Respondent. | Civil Action No. 04-11191-NG |

## RESPONDENT'S MEMORANDUM OF LAW
## IN SUPPORT OF THE MOTION TO DISMISS

This memorandum is submitted in support of the respondent's motion to dismiss this habeas corpus petition filed by Raymond Cook (the "petitioner"). As argued in this memorandum, the petition should be dismissed where it contains an unexhausted claim.[1] *See Rose v. Lundy*, 455 U. S. 509, 518-519 (1982).

### PRIOR PROCEEDINGS

On September 14, 1994, a Bristol County grand jury returned an indictment charging the petitioner with murder in the first degree. *See* Respondent's Supplemental Answer, [hereinafter cited as "Supp. Ans., Ex.__"], Exhibit 1, Docket Entries, *Commonwealth v. Cook*, BRCR 1994-35042. On May 29, 1998, after a jury trial before Massachusetts Associate Justice John A. Tierney, the petitioner was found guilty of first-degree murder and sentenced to life in prison. *Id.* The petitioner timely appealed his conviction. *Id.* On October 6, 2000, the petitioner, through counsel, filed a motion for a new trial in the Massachusetts Supreme Judicial Court ("SJC") asserting the following claims: (1) trial counsel failed to honor the petitioner's decision

---

[1] In the event this Court declines to dismiss the petition on the ground set forth in this memorandum, the respondent reserves the right, and requests the opportunity, to brief the merits of the remaining claim in this petition.

not to offer an insanity defense; (2) trial counsel failed to honor the petitioner's decision to testify and inform the jury of his factual innocence; (3) trial counsel failed to honor the petitioner's desire to appear at trial unmedicated; and (4) the trial judge neglected to instruct the jury that "the degree of murder must be decided by the jury" as required by statute and *Commonwealth v. Vinnie*, 428 Mass. 161 (1998), and the petitioner was thus denied his statutory and common law right to a mitigated verdict. *See* Supp. Ans., Ex. 3.

On the same day, the SJC stayed the appellate proceedings and remanded the motion for new trial to Bristol Superior Court to decide the motion for new trial pursuant to Mass. R.Crim.P. 30, 378 Mass. 901 (1979), while consolidating the appeal, if any, with the appeal of the post-conviction motion. *See* Supp. Ans., Ex. 1 and 9. On November 17, 2000, the petitioner filed a *pro se* motion to amend the motion for a new trial and an amended motion for new trial. *See* Supp. Ans., Ex. 4 and 5. On the same day, the SJC remanded the amended motion to Bristol Superior Court. *See* Supp. Ans., Ex. 1 and 9. On May 31, 2001, Judge Tierney issued an order denying the amended motion for new trial, concluding that the petitioner's asserted errors did not create a substantial risk of a miscarriage of justice and that no evidentiary hearing was required. *See* Supp. Ans., Ex. 5 at R.A. 328. The petitioner timely appealed the denial of the motion for a new trial. *See* Supp. Ans., Ex. 1.

In his consolidated appeal to the SJC, the petitioner raised the following claims: (1) whether the trial court erred in denying the petitioner's motion for a new trial without a hearing when the record before the trial court required the granting of a new trial; (2) whether the trial court's concluding instruction, twice repeated and never corrected, that if the Commonwealth proves malice, "the defendant's mental impairment does not excuse or justify

his actions" considered together with burden-shifting instructions on a non-existent defense of diminished capacity manslaughter, confused the jury as to create a miscarriage of justice requiring a new trial; and (3) the jury's verdict was against the weight of the evidence and a new trial should be granted pursuant to G.L. c. 278, § 33E. *See* Supp. Ans., Ex. 5. While asserting that the trial court erred in denying the petitioner's motion for a new trial without an evidentiary hearing, the petitioner specifically raised the following claims: (a) the trial court failed to instruct the jury in accordance with G.L. c. 265, § 1 that the jury had the right to decide the degree of murder; (b) in the absence of either contemporaneous or subsequent judicial determination that trial counsel's decision to offer an insanity defense was also the petitioner's knowing, voluntary and personal decision, a new trial is required by Article 12 of the Massachusetts Declaration of Rights and by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution; (c) the record fails to support a finding that the petitioner made a knowing, intelligent and voluntary decision not to testify; and (d) the record fails to support a finding that the petitioner made a knowing, voluntary, and intelligent decision to be medicated for trial. *See* Supp. Ans., Ex. 5. On March 5, 2003, the SJC affirmed the petitioner's conviction for the murder of police officer Thomas Giunta. *See* Supp. Ans., Ex. 8, *Commonwealth v. Cook*, 438 Mass. 766, 784 N.E.2d 608 (2003).

On May 27, 2004, the petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent now files this memorandum in support of his motion to dismiss.

## ARGUMENT

**THE HABEAS CORPUS PETITION SHOULD BE DISMISSED WHERE THE PETITIONER FAILED TO EXHAUST AVAILABLE STATE COURT REMEDIES.**

It is well established that "a federal court should not consider questions posed in a habeas petition until the 'power of the highest state court in respect to such questions' has been exhausted." *Mele v. Fitchburg District Court*, 850 F.2d 817, 819 (1st Cir. 1988), *quoting United States ex rel. Kennedy v. Tyler*, 269 U.S. 13, 17 (1925). *See Rose v. Lundy*, 455 U.S. 509, 518-19 (1982); *Adelson v. DiPaola*, 131 F.3d 259, 261-62 (1st Cir. 1997); *Dougan v. Ponte*, 727 F.2d 199, 202 (1st Cir. 1984); 28 U.S.C. §2254(b)(1)(A). Congress codified the exhaustion doctrine in 28 U.S.C. §2254(b), which precludes federal court review unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). This longstanding exhaustion principle, in addition to ensuring that state courts have the first opportunity to correct their own constitutional errors made in their proceedings, enables federal courts to accord appropriate respect to the sovereignty of the states and promotes comity by "minimiz[ing] friction between our federal and state systems of justice." *Rose v. Lundy*, 455 U.S. at 518. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *Scarpa v. DuBois*, 38 F.3d 1, 6 (1st Cir. 1994), *cert. denied*, 513 U.S. 1129 (1995); *Duckworth v. Serrano*, 454 U.S. 1, 3 (1984).

To satisfy the exhaustion requirement, the petitioner bears the heavy burden of showing that he "fairly presented the substance of his federal habeas claims to the state court before seeking federal review." *Adelson v. DiPaola*, 131 F.3d at 262 (citations omitted); *Martens v. Shannon*, 836 F.2d 715, 717 (1st Cir. 1988), *citing Anderson v. Harless*, 459 U.S. 4, 6 (1982) (*per curiam*). "It is not enough merely to raise an issue before an intermediate court; one who

4

seeks to invoke the federal habeas power must fairly present – or do his best to present – the issue to the state's highest tribunal." *Mele v. Fitchburg Dist. Ct.*, 850 F.2d at 820 (citations omitted). The Supreme Court enunciated that "state prisoners must give the state courts one full opportunity to resolve any constitutional issue by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "Comity, in these circumstances, dictates that [the petitioner] use the State's established appellate review procedures before he presents his claims to [this] federal court." *O'Sullivan v. Boerckel*, 526 U.S. at 845.

In this habeas case the petitioner claims ineffective assistance of counsel. *See* Petition at ¶12A. As set forth above, in his appeal to the SJC, the petitioner presented the following claims: (1) whether the trial court erred in denying the petitioner's motion for a new trial without a hearing when the record before the trial court required the granting of a new trial; (2) whether the trial court's concluding instruction, twice repeated and never corrected, that if the Commonwealth proves malice, "the defendant's mental impairment does not excuse or justify his actions," considered together with burden-shifting instructions on a non-existent defense of diminished capacity manslaughter, confused the jury as to create a miscarriage of justice requiring a new trial; and (3) whether the jury's verdict was against the weight of the evidence and a new trial should be granted pursuant to G.L. c. 278, § 33E. *See* Supp. Ans., Ex. 5. Arguing further that the trial court erred in denying the petitioner's motion for a new trial without an evidentiary hearing, the petitioner specifically asserted the following claims: (a) the trial court failed to instruct the jury in accordance with G.L. c. 265, § 1 that the jury had the right to decide the degree of murder; (b) in the absence of either contemporaneous or subsequent

5

judicial determination that trial counsel's decision to offer an insanity defense was also the petitioner's knowing, voluntary and personal decision, a new trial is required by Article 12 of the Massachusetts Declaration of Rights and by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution; (c) the record fails to support a finding that the petitioner made a knowing, intelligent and voluntary decision not to testify; and (d) the record fails to support a finding that the petitioner made a knowing, voluntary, and intelligent decision to be medicated for trial. *See* Supp. Ans., Ex. 5. Since the petitioner failed to fairly present to the SJC the ineffective assistance of counsel claim he now raises in his federal habeas petition, that petition should be dismissed pursuant to *Rose v. Lundy, supra.*

A review of the petitioner's brief in his appeal to the SJC makes clear that the ineffective assistance of counsel claim presented to this Court is entirely new. The petitioner did not present either the legal claim (ineffective assistance of counsel), or the facts underpinning that claim to the SJC. The petitioner did not present the SJC with the factual allegations relative to his counsel's failure to have forensic experts test "false and made-up state forensic evidence." *See* Petition at ¶12A. Furthermore, the petitioner did not present the SJC with factual allegations relative to trial counsel's alleged failure to object to an all white jury. *See* Petition at ¶ 12A at p. 5a. Additionally, the petitioner did not present the SJC with his claim relative to trial counsel's failure to challenge the prosecutor's peremptory challenges of two black jurors. *See* Petition at ¶ 12A at p. 5a. The petitioner also failed to present the SJC with the claim relative to trial counsel's alleged failure to interview and call available defense witnesses. *See* Petition at ¶12A at p. 6a. Instead, the petitioner argued to the SJC that in the absence of either contemporaneous or subsequent judicial determination that trial counsel's decision to offer an insanity defense was

also the petitioner's knowing, voluntary and personal decision, a new trial is required by Article 12 of the Massachusetts Declaration of Rights and by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution. *See* Supp. Ans., Ex.5. He simply has changed horses mid-stream and, as such, has not provided the state courts with the first opportunity to correct the alleged constitutional error of which he now complains. The law is well-settled: "[t]he exhaustion requirement is not satisfied if a petitioner presents...new factual allegations in federal court that transform his claim or cast it in a significantly different light." *Domaingue v. Butterworth, et al.*, 641 F. 2d 8, 12 (1st Cir. 1981). Nor can a prisoner introduce a new legal theory for the first time on habeas review. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999).

"[F]ederal habeas oversight is not a freewheeling construct. It is dependent, among other things, upon all of the claims asserted in the petition having been exhausted in the state courts." *Martens v. Shannon*, 836 F.2d at 717. "It would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to state courts to correct a constitutional violation." *Picard v. Connor*, 404 U. S. at 275, *quoting Darr v. Burford*, 339 U. S. 200, 204 (1950). Since the petitioner failed to properly raise his ineffective assistance of counsel claim to the SJC, he did not afford that court the opportunity to confront -- let alone correct -- his claimed errors. The petitioner "simply jumped the gun in bringing to a federal habeas forum contentions not first screened by the state courts." *Martens v. Shannon*, 836 F.2d at 718 (footnote omitted). As such, the petition should be dismissed as unexhausted. *See Rose v. Lundy*, 455 U. S. at 518-519; *Picard v. Connor*, 404 U. S. at 276.

If this Court determines that this claim is not exhausted, under 28 U.S.C. § 2254(b)(2), it may only reach the merits of it to deny the writ. *See Adelson v. DiPaola*, 131 F.3d at 264; *Hoxsie v. Kerby*, 108 F.3d 1239, 1242-1243 (10th Cir. 1997).

## CONCLUSION

For the reasons set forth above, the respondent urges this Court to dismiss the habeas corpus petition as unexhausted.

Respectfully submitted,

THOMAS F. REILLY
Attorney General

*Eva M. Badway*
Eva M. Badway
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ext. 2824
BBO # 635431

Dated: July 9, 2004

## CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2004, I caused a copy of the above Memorandum of Law in Support of the Motion to Dismiss to be served by first-class mail, postage prepaid, upon Raymond Cook, *pro se*, MCI-Cedar Junction, P.O. Box 100, South Walpole, MA 02071.

*Eva M. Badway*
Eva M. Badway