UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| RAYMOND COOK<br>      Petitioner,<br><br>v.<br><br>DAVID NOLAN<br>      Respondent. | Civil Action No. 04-11191-NG |

## RESPONDENT'S OPPOSITION TO THE
## MOTION TO STAY THESE PROCEEDINGS

David Nolan, the respondent, opposes the petitioner's motion to stay the pending habeas proceedings to allow him time to return to state court to exhaust state court remedies with respect to the unexhausted claim contained in his petition for writ of habeas corpus. The motion to stay this habeas proceeding violates the principles of exhaustion detailed in *Rose v. Lundy*, 455 U.S 509, 520-21 (1982), as affirmed by the United States Supreme Court in *Duncan v. Walker*, 533 U.S. 167 (2001), and completely eviscerates the one-year time limit under the AEDPA. While the First Circuit has concluded that "'[w]hen unusual circumstances' – rather than a flaw in the petition itself – 'make it imprudent to address the § 2254 petition immediately, the collateral attack should be stayed rather than dismissed," *Nowaczyk v. Warden, New Hampshire State Prison*, 299 F.3d 69, 80 (2002), *quoting Post v. Gilmore*, 111 F.3d 556, 557 (7th Cir. 1997), a stay is not required in the instant case, where the petition simply contains an unexhausted claim.

## PRIOR PROCEEDINGS

On September 14, 1994, a Bristol County grand jury returned an indictment charging the petitioner with murder in the first degree. *See* Respondent's Supplemental Answer, [hereinafter cited as "Supp. Ans., Ex.___"], Exhibit 1, Docket Entries, *Commonwealth v. Cook*, BRCR 1994-

35042. On May 29, 1998, after a jury trial before Massachusetts Associate Justice John A. Tierney, the petitioner was found guilty of first-degree murder and sentenced to life in prison. *Id.* The petitioner timely appealed his conviction. *Id.* On October 6, 2000, the petitioner, through counsel, filed a motion for a new trial in the Massachusetts Supreme Judicial Court ("SJC") asserting the following claims: (1) trial counsel failed to honor the petitioner's decision not to offer an insanity defense; (2) trial counsel failed to honor the petitioner's decision to testify and inform the jury of his factual innocence; (3) trial counsel failed to honor the petitioner's desire to appear at trial unmedicated; and (4) the trial judge neglected to instruct the jury that "the degree of murder must be decided by the jury" as required by statute and *Commonwealth v. Vinnie*, 428 Mass. 161 (1998), and the petitioner was thus denied his statutory and common law right to a mitigated verdict. *See* Supp. Ans., Ex. 3.

On the same day, the SJC stayed the appellate proceedings and remanded the motion for new trial to Bristol Superior Court pursuant to Mass. R.Crim.P. 30, 378 Mass. 901 (1979), while consolidating the appeal, if any, with the appeal of the post-conviction motion. *See* Supp. Ans., Ex. 1 and 9. On November 17, 2000, the petitioner filed a *pro se* motion to amend the motion for a new trial and an amended motion for new trial. *See* Supp. Ans., Ex. 4 and 5. On the same day, the SJC remanded the amended motion to Bristol Superior Court. *See* Supp. Ans., Ex. 1 and 9. On May 31, 2001, Judge Tierney issued an order denying the amended motion for new trial, concluding that the petitioner's asserted errors did not create a substantial risk of a miscarriage of justice and that no evidentiary hearing was required. *See* Supp. Ans., Ex. 5 at R.A. 328. The petitioner timely appealed the denial of the motion for a new trial. *See* Supp. Ans., Ex. 1.

In his consolidated appeal to the SJC, the petitioner raised the following claims:

2

(1) whether the trial court erred in denying the petitioner's motion for a new trial without a hearing when the record before the trial court required the granting of a new trial; (2) whether the trial court's concluding instruction, twice repeated and never corrected, that if the Commonwealth proves malice, "the defendant's mental impairment does not excuse or justify his actions" considered together with burden-shifting instructions on a non-existent defense of diminished capacity manslaughter, confused the jury as to create a miscarriage of justice requiring a new trial; and (3) the jury's verdict was against the weight of the evidence and a new trial should be granted pursuant to G.L. c. 278, § 33E. *See* Supp. Ans., Ex. 5. While asserting that the trial court erred in denying the petitioner's motion for a new trial without an evidentiary hearing, the petitioner specifically raised the following claims: (a) the trial court failed to instruct the jury in accordance with G.L. c. 265, § 1 that the jury had the right to decide the degree of murder; (b) in the absence of either contemporaneous or subsequent judicial determination that trial counsel's decision to offer an insanity defense was also the petitioner's knowing, voluntary and personal decision, a new trial is required by Article 12 of the Massachusetts Declaration of Rights and by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution; (c) the record fails to support a finding that the petitioner made a knowing, intelligent and voluntary decision not to testify; and (d) the record fails to support a finding that the petitioner made a knowing, voluntary, and intelligent decision to be medicated for trial. *See* Supp. Ans., Ex. 5. On March 5, 2003, the SJC affirmed the petitioner's conviction for the murder of police officer Thomas Giunta. *See* Supp. Ans., Ex. 8, *Commonwealth v. Cook*, 438 Mass. 766, 784 N.E.2d 608 (2003).

On May 27, 2004, the petitioner filed the instant petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254. On July 9, 2004, the respondent filed an answer, a motion to dismiss the petition for a writ of habeas corpus based upon the petitioner's failure to exhaust his state court remedies, along with a memorandum of law in support thereof. On July 30, 2004, the petitioner filed a motion to stay the proceedings, which the respondent hereby opposes.

### THE MOTION TO STAY THESE PROCEEDINGS SHOULD BE DENIED.

The petitioner's right to federal review of his claims is not absolute; he must comply with the well-established rule of complete exhaustion as well as the requirements of the AEDPA. It is not the province of a federal habeas court to ensure that a petitioner can obtain federal review of any or all of his claims absent compliance with these requirements. *Healy v. DiPaola*, 981 F. Supp. 705, 708 (D. Mass. 1997) ("The AEDPA does not require a court to hold a habeas corpus petition in abeyance pending the exhaustion of new claims in state court").

It is the petitioner's burden to satisfy the longstanding requirement of fully exhausting his state court remedies as to all his claims before entering the federal habeas court. The burden under the exhaustion doctrine is squarely on the petitioner's shoulders. *See Adelson v. DiPaola*, 131 F.3d 259, 262 (1st Cir. 1997) (a habeas petitioner "bears a heavy burden to show that he fairly and recognizably presented to the state courts the factual and legal bases of [his] federal claim."). It reflects the Supreme Court's view that a "petitioner must conduct a reasonable and diligent investigation aimed at including all relevant claims and grounds for relief in the first federal habeas petition." *McClesky v. Zant*, 499 U.S. 467, 498 (1991). A petitioner who fails to conduct such a "reasonable and diligent investigation" prior to filing his first habeas petition does so at his peril. *See, e.g., Rockwell v. Yukins*, 217 F. 3d 421, 424 (6th Cir. 2000) ("Having

4

knowingly added an unexhausted claim to his petition, [the petitioner] cannot lay the blame at the feet of the district court.").

In addition to violating the important public policy interests underlying the exhaustion doctrine, a stay of these proceedings also would thwart application of the AEDPA's statute of limitations. Like the exhaustion doctrine, the time limits imposed by Congress on the filing of habeas petitions reflect a clear legislative intent to limit the circumstances under which habeas relief may be granted. *See Williams v. Taylor*, 529 U.S. 362, 412 (2000) (noting that Congress has placed "new constraint[s] on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus"). The purpose of the one-year limitation period is to curb undue delays and abuses of the writ. *Dunlap v. United States*, 250 F.3d 1001, 1006 (6th Cir. 2001). The abuse of the writ doctrine is codified by the provisions of the AEDPA governing second and successive habeas petitions. *See* 28 U.S.C. § 2244(b)(2)(A-B). *See also Felker v. Turpin*, 518 U.S. 651, 664 (1996) ("[t]he new restrictions on successive petitions constitute a modified res judicata rule, a restraint on what is called in habeas corpus practice 'abuse of the writ.'"); *O'Connor v. United States*, 133 F.3d 548, 550 (7th Cir. 1998) (stating that "the idea ... is that a prisoner is entitled to one, but only one, full and fair opportunity to wage a collateral attack"). As the First Circuit has stated,

> [T]he requirement that all available claims be presented in a prisoner's first habeas petition is consistent not only with the spirit of AEDPA's restrictions on second and successive habeas petitions, but also with the preexisting abuse of the writ principle. The requirement serves the singularly salutary purpose of forcing federal habeas petitioners to think through all potential post-conviction claims and to consolidate them for a unitary presentation to the district court. This exercise advances the cause of judicial efficiency and further justifies barring [petitioner]'s second petition.

*United States v. Barrett*, 178 F.3d 34, 47 (1st Cir. 1999). The petitioner's motion for a stay here

5

subverts these important policy issues. Here, the petitioner's failure to bring only exhausted claims to this Court in the first instance and the resulting piecemeal litigation, is exactly the sort of situation that the AEDPA was designed to prevent. *See Williams v. Taylor*, 529 U.S. at 436 (the AEDPA's purpose is to further the principles of finality, comity and federalism). While a stay may permit a petitioner to properly exhaust the claim in his petition, it improperly relieves the petitioner of his burden of bringing all of his habeas claims in one timely filed petition.

This Court should not allow petitioner to circumvent the exhaustion requirement and the one-year limitations period by holding his petition in abeyance for an unspecified and indefinite duration while he returns to state court to exhaust this claim, and effectively turn this Court into a federal parking lot for petitions containing unexhausted claims. The petitioner's motion for a stay of the pending habeas proceedings should be denied because it will extricate him from a problem of his own making, particularly where the effect of his motion is to "clearly thwart Congress' intent to expedite the federal habeas review process." *Parker v. Johnson*, 988 F. Supp at 1477.

## CONCLUSION

For the reasons set forth above, the respondent urges this Court to deny the motion to stay these proceedings.

Respectfully submitted,

THOMAS F. REILLY
Attorney General

Eva M. Badway
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ext. 2824
BBO # 635431

Dated: August 4, 2004

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2004, I caused a copy of the above <u>Opposition to the Motion to Stay These Proceedings</u> to be served by first-class mail, postage prepaid, upon Raymond Cook, *pro se*, MCI-Cedar Junction, P.O. Box 100, South Walpole, MA 02071.

Eva M. Badway