UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RAYMOND COOK,
        Petitioner,

v.                   No. 04-11191-NG

DAVID NOLAN,
        Respondent.

### PETITIONER RAYMOND COOK'S REPLY TO RESPONDENT'S OPPOSITION TO THE MOTION TO STAY THESE PROCEEDINGS

Comes Now, Raymond Cook, pro se Petitioner in the above captioned action, who respectfully submits, "Petitioner Raymond Cook's Reply to Respondent's Opposition to the Motion to Stay these Proceedings". In support thereof it is submitted.

1. On or about May 27, 2004, Raymond Cook (Cook or the Petitioner) commenced the instant action fy filing a petition for a writ of habeas corpus (the "petition") pursuant to 28 U.S.C. § 2254.

2. On July 9, 2004 the Respondent filed an answer and a motion to dismiss.

3. The sole basis of Respondent's Motion to Dismiss is that it is alleged that the Petition for writ of habeas corpus contains exhausted and unexhausted claims.

4. On July 24, 2004 the Petitioner filed a Motion for En-

largement of Time.

5. On July 29, 2004 the Court granted the Motion for Extension of Time.

6. On July 28, 2004 Petitioner filed a Request for a Stay.

7. On August 4, 2004 the Respondent filed, "Respondent's Opposition to the Motion to Stay these proceedings".

8. Petitioner Raymond Cook now files, "Petitioner Raymond Cook's Reply to Respondent's Opposition to the Motion to Stay These Proceedings.

9. If this Court concludes the Petitioner Raymond Cook has exhausted and unexhausted claims, the Petitioner would request that the Court Stay the Petition for Writ of Habeas Corpus or permit the Petitioner to withdraw the unexhausted claims and pursue the exhausted claims.

10. Because exhaustion requirement for federal habeas corpus petition exists as matter of comity, federal court has jurisdiction to consider unexhausted claims in mixed habeas petition if those claims clearly do not rise to level of alleged deprivations of constitutional rights. **Acosta-Huerta v. Estelle,** C.A. 9 (Cal.) 1992, 7 F.3d 139.

11. Fact that pro se petition may contain unexhausted state law claim does not support **Rose v. Lundy** mixed petition argument. **May v. Maschner,** W.D.Mo. 1987, 668 F.Supp. 1305.

12. If a stay is not granted, Petitioner will lose his rights to re-file his petition in federal court. The Supreme Court in **Duncan v. Walker,** 533 U.S. 167, 181 (2001) held that a federal habeas corpus petition is not an "application for State post-conviction or other collateral review" under 28 U.S.C. §2244(d)(2) such that it would toll the statute of limitations. In other words, said the **Duncan** Court, "§2244(d)(2) does not toll the limitation period during the pendency of a federal habeas petition." 533 U.S. at 181. See also **Neverson,** 261 F.3d at 125 (quoting **Duncan,** 533 U.S. at 180)("(S)ection 224(d)(2) properly construed, 'toll(s) the limitation period for the pursuit of state remedies(but) not during the pendency of applications for federal review". So it is clear that under the rule established in **Duncan** that while the petitioner's petition has been pending in this Court, the statute of limitations has not been tolled.

13. Thus, in short, the petitioner is correct-if the case is dismissed, he will be time-barred from refiling his petition. The undisputed rule from **Duncan** is that a federal habeas petition does not toll the AEDPA one year statute of limitations.

14. So, during the pendency of the instant petition, the statute of limitations was not tolled and therefore it would expire.

15. In other words, if this Court were to dismiss the petition, when the petitioner was ready to re-file the petition, he would be unable to do so because more than a year of time would have passed. **Rodriguez v. Bennett,** 303 F.3d 435, 438 (2nd Cir. 2002).

Wherefore, for all of the foregoing reasons it is respectfully requested that this matter be stayed pending a determination and ruling in the state Court on the petitioner's Motion for a New Trial pursuant to Rule 30.

Dated: August 9, 2004                    Respectfully submitted,

*Raymond Cook*

Raymond Cook, pro se
MCI-Cedar Junction
P. O. Box 100, W-64720
South Walpole, MA 02071

## CERTIFICATE OF SERVICE

I, Raymond Cook, pro se hereby certify that I have served a true and correct copy of **"Petitioner Raymond Cook's Reply to Respondent's Opposition to the Motion to Stay These Proceedings"**, by placing same in a sealed, postage prepaid envelope address to:

>Eva M. Badway
>Assistant Attorney General
>The Commonwealth of Massachusetts
>Office of the Attorney General
>One Ashburton Place
>Boston, Massachusetts 02108-1598

Dated: <u>August 9, 2004</u>

*/s/ Raymond Cook*
Raymond Cook