UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RAYMOND COOK ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 04-11191-NG |
| ) | |
| DAVID NOLAN ) | |
|     Respondent. ) | |

**RESPONDENT'S SECOND MOTION TO DISMISS**

The respondent, David Nolan, the Superintendent of the Massachusetts Correctional Institution-Cedar Junction, pursuant to Fed. R. Civ. P. 41(b), respectfully moves this Court to dismiss the above-captioned petition for writ of habeas corpus.

    A.    **State Court Proceedings**

On September 14, 1994, a Bristol County grand jury returned an indictment charging the petitioner with murder in the first degree. *See* Respondent's Supplemental Answer, [hereinafter cited as "Supp. Ans., Ex.__"], Exhibit 1, Docket Entries, *Commonwealth v. Cook*, BRCR 1994-35042. On May 29, 1998, after a jury trial before Massachusetts Associate Justice John A. Tierney, the petitioner was found guilty of first-degree murder and sentenced to life in prison. *Id*. The petitioner timely appealed his conviction. *Id*. On October 6, 2000, the petitioner, through counsel, filed a motion for a new trial in the Massachusetts Supreme Judicial Court ("SJC") asserting the following claims: (1) trial counsel failed to honor the petitioner's decision not to offer an insanity defense; (2) trial counsel failed to honor the petitioner's decision to testify and inform the jury of his factual innocence; (3) trial counsel failed to honor the petitioner's desire to appear at trial unmedicated; and (4) the trial judge neglected to instruct the jury that "the degree

of murder must be decided by the jury" as required by statute and *Commonwealth v. Vinnie*, 428 Mass. 161 (1998), and the petitioner was thus denied his statutory and common law right to a mitigated verdict. *See* Supp. Ans., Ex. 3.

On the same day, the SJC stayed the appellate proceedings and remanded the motion for new trial to Bristol Superior Court to decide the motion for new trial pursuant to Mass. R.Crim.P. 30, 378 Mass. 901 (1979), while consolidating the appeal, if any, with the appeal of the post-conviction motion. *See* Supp. Ans., Ex. 1 and 9. On November 17, 2000, the petitioner filed a *pro se* motion to amend the motion for a new trial and an amended motion for new trial. *See* Supp. Ans., Ex. 4 and 5. On the same day, the SJC remanded the amended motion to Bristol Superior Court. *See* Supp. Ans., Ex. 1 and 9. On May 31, 2001, Judge Tierney issued an order denying the amended motion for new trial, concluding that the petitioner's asserted errors did not create a substantial risk of a miscarriage of justice and that no evidentiary hearing was required. *See* Supp. Ans., Ex. 5 at R.A. 328. The petitioner timely appealed the denial of the motion for a new trial. *See* Supp. Ans., Ex. 1.

In his consolidated appeal to the SJC, the petitioner raised the following claims: (1) whether the trial court erred in denying the petitioner's motion for a new trial without a hearing when the record before the trial court required the granting of a new trial; (2) whether the trial court's concluding instruction, twice repeated and never corrected, that if the Commonwealth proves malice, "the defendant's mental impairment does not excuse or justify his actions" considered together with burden-shifting instructions on a non-existent defense of diminished capacity manslaughter, confused the jury as to create a miscarriage of justice requiring a new trial; and (3) the jury's verdict was against the weight of the evidence and a new

trial should be granted pursuant to G.L. c. 278, § 33E.  *See* Supp. Ans., Ex. 5.  While asserting that the trial court erred in denying the petitioner's motion for a new trial without an evidentiary hearing, the petitioner specifically raised the following claims: (a) the trial court failed to instruct the jury in accordance with G.L. c. 265, § 1 that the jury had the right to decide the degree of murder; (b) in the absence of either contemporaneous or subsequent judicial determination that trial counsel's decision to offer an insanity defense was also the petitioner's knowing, voluntary and personal decision, a new trial is required by Article 12 of the Massachusetts Declaration of Rights and by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution; (c) the record fails to support a finding that the petitioner made a knowing, intelligent and voluntary decision not to testify; and (d) the record fails to support a finding that the petitioner made a knowing, voluntary, and intelligent decision to be medicated for trial.  *See* Supp. Ans., Ex. 5.  On March 5, 2003, the SJC affirmed the petitioner's conviction for the murder of police officer Thomas Giunta.  *See* Supp. Ans., Ex. 8, *Commonwealth v. Cook*, 438 Mass. 766, 784 N.E.2d 608 (2003).

     **B.**     **Habeas Proceedings**.

On May 27, 2004, the petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  *See* Docket at 1.  On July 9, 2004, the respondent, through counsel filed an answer, a motion to dismiss the petition as unexhausted, and a memorandum of law in support thereof.  *See* Docket at 4-6.  On July 30, 2004, the petitioner filed a motion for a stay that the respondent opposed.  *See* Docket at 10-11.  On September 29, 2004, the petitioner filed a motion to correct the record.  *See* Docket at 13.  On October 6, 2004, this Court entered an order granting the motion to dismiss the unexhausted claims without prejudice to refiling when

they have been exhausted, granting the motion to stay the exhausted claims and granting the motion to correct the petition.  The Court explained that the petitioner has consistently argued both in the state courts below and in his petition, that his federal constitutional rights to forego an insanity defense, to testify in his defense, and to appear before the jury unmedicated were violated.  See Docket.  On February 17, 2005, this Court appointed counsel for the petitioner. *See* Docket at 14.

On January 25, 2006, this Court held a status conference where Attorney Cox indicated that he reviewed the file and, after that review, wished to withdraw as counsel. *See* Docket.  At the status conference, the court indicated the case would be dismissed.  The case was taken under advisement. On January 27, 2006, attorney Cox filed a motion to withdraw as counsel. *See* Docket at 19.  On  January 30, 2006, in accordance with this Court's request, attorney Cox filed a copy of the transcript of the proceedings in Bristol Superior Court held on May 27, 1998 before Massachusetts Associate Justice John A. Tierney.[1]  *See* Docket at 19.  On February 15, 2006, this Court granted attorney Cox's motion to withdraw.  Petitioner has filed nothing further.  For these reasons, this petition should be dismissed as the court indicated at the January 25, 2006 status conference.

---

[1] The excerpt of the trial transcript of the petitioner's testimony relates to the petitioner's claim that his federal constitutional rights to forego an insanity defense, to testify in his own defense, and to appear before the jury unmedicated were violated.

                                                Respectfully submitted,

                                                THOMAS F. REILLY
                                                Attorney General

                                                <u>s/ Eva M. Badway</u>
                                                Eva M. Badway
                                                Assistant Attorney General
                                                Criminal Bureau
                                                One Ashburton Place
                                                Boston, Massachusetts 02108
                                                (617) 727-2200, ext. 2824
Dated: August 11, 2006                       BBO # 635431

## Certificate of Service

     I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 11, 2006.

                                                <u>/s/ Eva M. Badway</u>
                                                Eva M. Badway