```
              UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MASSACHUSETTS
```

| | |
|---|---|
| **RAYMOND COOK,** )  | |
|     **Petitioner,** ) | |
| ) | |
|     v. ) | Civil Action No. 04cv11191-NG |
| ) | |
| **DAVID NOLAN,** ) | |
|     **Respondent.** ) | |

GERTNER, D.J.:

### ORDER RE: SECOND MOTION TO DISMISS
March 28, 2007

    Petitioner has filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254.  In October 2004, this Court dismissed the ineffective assistance of counsel claim stated in Cook's petition, finding it unexhausted.  Pending the exhaustion of the dismissed claim, this Court stayed petitioner's other claims: that his federal constitutional rights (1) to forego an insanity defense, (2) to testify in his own defense, and (3) to appear before the jury unmedicated were violated.

    Upon further review, this Court has concluded that two of those claims in fact have no merit.  The transcript of a proceeding held in Bristol Superior Court on May 27, 1998 (document #20) shows petitioner himself believed he had a mental illness and was fully aware counsel's strategy included an insanity defense.  The transcript also makes clear that petitioner's trial counsel went to great lengths to ensure that petitioner understood that the decision whether to testify was his alone; petitioner explicitly stated that he understood that he had the option to testify.

Accordingly, Respondent's Second Motion to Dismiss (document #21) is **GRANTED** in part and **DENIED** in part.  Petitioner's claims that his federal constitutional rights to forego an insanity defense and to testify in his own defense were violated are hereby **DISMISSED**.  Petitioner's claim that his federal constitutional right to appear before the jury unmedicated remains pending.

Because petitioner's stayed claim of ineffective assistance of counsel is now exhausted, petitioner may file a motion to amend his petition in order to adopt that claim by May 29, 2007.  Respondent has until June 12, 2007, to respond, including arguments as to whether such amendment is futile.  At that time, Respondent will also submit additional briefing as to why it believes Petitioner's claim regarding medication is meritless.

**SO ORDERED.**

Date: March 28, 2007                    /s/ Nancy Gertner
                                        **NANCY GERTNER, U.S.D.C.**