UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2007 MAY -7 P 12: 41

U.S. DISTRICT COURT
DISTRICT OF MASS.

RAYMOND COOK :
          Petitioner, :
                     :
     v. :  Civil Action No. 04-CV11191NG
                     :
                     :
DAVID NOLAN, :
          Respondent. :

## MOTION FOR RECONSIDERATION

Comes Now Raymond Cook, pro se Petitioner in the above captioned action who respectfully submits, **"Motion for Reconsideration"**.  In support thereof it is submitted.

On March 28, 2007 the Court entered a ruling on Respondent's Second Motion to Dismiss.  The Motion was GRANTED in part and DENIED in part.  Petitioner's claims that his federal constitutional rights to forgo an insanity defense and to testify in his own defense were violated were dismissed.  Petitioner takes strong exception to this ruling.

Petitioner has ample evidence to support the fact that the issues do in fact have merit.  See the attached Appendix of Evidence.  Furthermore, Petitioner seeks leave to supplement the appendix and submit additional affidavits and investigative reports.

The Court dismissed the claims without understanding or paying attention to the actual facts and legal theories in the Petition. **Brownlee v. Conine,** 957 F.2d 353, 355 (7th Cir. 1992).

The Court dismissed the pro se case without ever ruling on pending motions and other important items, and in particular the Petitioner's Motion for Appointment of counsel. **Tucker v. Randall,** 948 F.2d at 390 and **McElyea v. Babbitt,** 833 F.2d 196, 199 (9th Cir. 1987).

There are genuine material factual disputes. **Phelps v. Dunn,** 965 F.2d 93, 99-100 (6th Cir. 1992) and **Longmire v. Guste,** 921 F.2d 620, 624-25 (5th Cir. 1991).

The dismissal of the two claims has denied the pro se Petitioner a fair opportunity to be heard. **McGuckin v. Smith,** 974 F.2d 502, 504-06 (10th Cir. 1991).

Petitioner has demonstrated that he is entitled to habeas corpus relief and has fully and completely exhausted available state-court remedies.  See 28 U.S.C. § 2254(b)(1)(A); **Slutzker v. Johnson,** 393 F. 3. 373, 380-81 (3d Cir. 2004); **Barnhart v. Kyler,** 318 F.Supp. 2d 250, 258 (M.D.Pa. 2004) and **Doctor v. Walters,** 96 F.3d 675, 680-81 (3d Cir. 1996).

In the case at hand Petitioner Raymond Cook has made a substantial showing of the denial of a federal right. **Williams v. Calderon,** 83 F.3d 281, 286 (9th Cir. 1996) and **Lowell v. Prunty,** 91 F.3d 1358, 1359 (9th Cir. 1996).

## CLAIM TO FOREGO AN INSANITY DEFENSE

Petitioner Raymond Cook is not insane. He was framed by Attorney Segadelli. Simply put, this claim was dismissed without Petitioner being given an opportunity to support evidence in support of the claim advanced. Petitioner stated sufficient facts in his Petition demonstrating that he did in fact exhaust this issue.

The Court wrongfully concluded that this issue had no merit. See Appendix of evidence. Based on the evidence advanced herein the Court should reverse the dismissal on this issue and conduct an immediate hearing to permit Petitioner to submit additional evidence. Attorney Segadelli raised his own insanity defense against Petitioner. The evidence will demonstrate that Attorney Segadelli and Petitioner agreed that Petitioner was innocent, not guilty and that was the Petitioner's only defense. Furthermore the evidence will show that Attorney Segadelli often spoke with Petitioner's Mother and Father about this same defense. As a matter of fact Mr. Segadelli requested Petitioner to research matters of his innocence, which Petitioner had already started.

Petitioner discovered that during his competency and criminal responsibility false evaluations that both Drs. Haycock and Mosokowicz wrote lies to the truthful answers of Petitioner.

Attorney Segadelli was very ineffective when he used fraudulent and inept psychologists Doctors Haycock and Mosokowicz. I told Mr. Segadelli that in their evaluations they did not write down exactly what was truthfully told to them. I sent Mr. Segadelli legal research

and letters saying that they did not write down what I was saying. Mr. Segadelli told me and my Parents to get a private doctor and a private attorney to be found competent. We did. An inmate at Bridgewater State Hospital gave an affidavit which said that Richard S. Sidorowicz had tried to steal expensive painting from him and his wife. The correctional officers at Bridgewater allowed me to carry this affidavit to court. I gave this affidavit to Mr. Segadelli and also again informed him about the cadres and inmates at Bridgewater State Hospital. Petitioner patiently waited for Mr. Segadelli to obtain affidavits and statements to impeach the lies of Sidorowicz. He refused to do it. Furthermore, Mr. Segadelli refused to use the affidavit from the male inmate at Bridgewater and he did not go to Bridgewater State Hospital to speak and gather affidavits and evidence from cadres and inmates as I wrote and asked him to do.

I had to take Debbie McGowan's Compentency Restoration Group. These Groups were mandatory. Petitioner wrote Attorney Segadelli and told him that both doctors wrote lies about him in' there evaluations. Petitioner also informed his parents of the same facts. The letter, research and evidence to support this claim can be found in the Appendix of Evidence.

Petitioner Raymond is not insane. He was framed by Attorney Segadelli. The finding of guilt subjected Petitioner Raymond Cook to a grave injustice.

Attorney Segadelli said Petitioner could not keep a job. Petitioner was laid off with other State workers because of a reduction in work force. Mr. Segadelli lied about Petitioner not having interpersonal skills. Petitioner presented letters and research of his friends. See: Appendix of Evidence.

Attorney Segadelli called Petitioner's parents and told them that the Petitioner was innocent. Mr. Segadelli mislead Petitioner's parents and went on and wrongfully did his own insanity defense. Petitioner received letters from Mr. Segadelli where he said he spoke with Petitioner's Mother.

Petitioner told Attorney Segadelli that he was innocent, not guilty and there was another suspect the C.O. told Petitioner. Mr. Segadelli failed to follow up on this point.

Petitioner told Attorney Segadelli he was not insane. Petitioner asked Attorney Segadelli for everything he filed before trial. Petitioner told Mr. Segadelli to locate and interview potential witnesses. Attorney Segadelli did not honor the requests of Petitioner. Attorney Segadelli had his own idea's about the case and how to defend. And Attorney Segadelli proceeded accordingly, and thereby violated the constitutional rights of Petitioner, Raymond Cook.

## **CLAIM TO TESTIFY IN HIS OWN DEFENSE**

Attorney Segadelli told me before he started the Attorney Client Conference with Maryln Silva, Stenographer that I was not going to testify. I told him during the Attorney Conference that I did not want to testify because of what Ms. McGowan had said and Attorney Segadelli had said that we must proceed this way. Ms. McGowan told me that I cannot disagree with my attorney. And at the Attorney Client Conference Attorney Segadelli said, **"You are not going to testify"**. I was frightened to being found not competent if I went against him and also about the things he wrongfully said that I was wrongfully insane and I am not same. I was afraid to go against him, because of the threats by Ms. McGowan.

Some people I talked with are still at Bridgewater and have not been found competent yet. Some have been there for 15 years. I have included the affidavit of Eric Brown for the Court's review and consideration. See: Appendix of Evidence.

When I went to Ms. McGowan's Group, I was shocked when she told us that at trial we must get along with our lawyer. And if the lawyer does something wrong we must grin and bare it. If we need to speak with the Judge, we have to ask our lawyer for permission. And if he says no, there is nothing more that could be done. We must just sit there grin and bare it. We cannot raise our hand and ask the Judge for permission to testify. If our Attorney raised the wrong defense, we can't do anything about it. Petitioner took the Competency Restoration Group twice. And both times Ms. McGowan said the same thing.

I told Ms. McGowan that I graduated from law school and I was taught
to ask the Judge during trial for help if I wanted to testify or for
any reason. Ms. McGowan told me it doesn't matter if you/me cannot
agree in her class/group to this we are not going to be found compet-
ent at Bridgewater. And at trial if we try to talk with the Judge
without permission from our lawyer we will be found not competent.
The trial will stop and we would be brought back to Bridgewater where
we have to wait one year to be considered for competency evaluations
and the Group again. These same statements were made over and over
again and we had to agree. We had no choice. We were told that all
Attorney's, Judges, prosecutors, D.A.'s, Governor know about this.
Your Petitioner was shocked. Attorney Segadelli told Petitioner
that he knew about this fact. I was shocked and frightened.

## **CONCLUSION**

For the reasons cited herein it is respectfully submitted that the Motion for Reconsideration be granted and that Petitioner's claims that his federal constitutional rights to forgo an insanity defense and to testify in his own defense were violated be reinstated.

Dated: *May 2, 2007*

Respectfully submitted,

Raymond Cook,64720(W)
S.B.C.C.
P. O. Box 8000
Shirley, MA 01464

## CERTIFICATE OF SERVICE

I hereby certify that on this _____2nd_____ day of May, 2007
I served a copy of Petitioner's motion to amend by United States
Mail, postage paid, First Class Mail upon the following: Eva M.
Badway, Assistant Attorney General, Criminal Bureau, One Ashburton
Place, Boston, MA 02108.

Dated: May __2__, 2007.                    _Raymond Cook_
                                           Raymond Cook