UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **RAYMOND COOK**<br>    Petitioner,<br><br>v.<br><br>**DAVID NOLAN**<br>    Respondent. | )<br>)<br>)<br>)<br>)   Civil Action No. 04-11191-NG<br>)<br>)<br>)<br>) |

**RESPONDENT'S OPPOSITION TO PETITIONER'S
MOTION FOR FUNDS FOR AN INVESTIGATOR AND AN EXPERT IN BALLISTICS**

Now comes the respondent, through counsel, in the above-entitled habeas corpus action and hereby opposes the petitioner's motions requesting funds for an investigator and an expert in ballistics. As grounds therefor, the respondent states that the petitioner has failed to establish that the interests of justice require funds for the expert services to support his petition for a writ of habeas corpus. *See* 18 U.S.C. § 3006A.

**PRIOR PROCEEDINGS**

On May 27, 2004, the petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* Docket at 1. On July 9, 2004, the respondent, through counsel filed an answer, a motion to dismiss the petition as unexhausted, and a memorandum of law in support thereof. *See* Docket at 4-6. On July 30, 2004, the petitioner filed a motion for a stay that the respondent opposed. *See* Docket at 10-11. On September 29, 2004, the petitioner filed a motion to correct the record. *See* Docket at 13. On October 6, 2004, this Court entered an order granting the motion to dismiss the unexhausted claims without prejudice to refiling when they have been exhausted, granting the motion to stay the exhausted claims and granting the motion to correct the petition. The Court explained that the petitioner has consistently argued

both in the state courts below and in his petition, that his federal constitutional rights to forego an insanity defense, to testify in his defense, and to appear before the jury unmedicated were violated. *See* Docket. On February 17, 2005, this Court appointed counsel for the petitioner. *See* Docket at 14.

On January 25, 2006, this Court held a status conference where Attorney Cox indicated that he reviewed the file and, after that review, wished to withdraw as counsel. *See* Docket. At the status conference, the court indicated the case would be dismissed. The case was taken under advisement. On January 27, 2006, attorney Cox filed a motion to withdraw as counsel. *See* Docket at 19. On January 30, 2006, in accordance with this Court's request, attorney Cox filed a copy of the transcript of the proceedings in Bristol Superior Court held on May 27, 1998 before Massachusetts Associate Justice John A. Tierney.[1] *See* Docket at 19. On February 15, 2006, this Court granted attorney Cox's motion to withdraw. On August 11, 2006, respondent filed a second motion to dismiss that was granted in part and denied in part on March 28, 2007. *See* Docket at 21 and 26. On January 5, 2007, the petitioner filed a second motion to appoint counsel that was allowed. *See* Docket at 25. On June 8, 2007, this Court (U.S.M.J. Sorokin) appointed attorney Lenore Glaser for the petitioner. *See* Docket at 32. On August 17, 2007, the petitioner filed motions for funds for an investigator and a ballistics expert. *See* Docket at 33 and 24. The respondent submits this opposition to both motions for funds.

---

[1] The excerpt of the trial transcript of the petitioner's testimony relates to the petitioner's claim that his federal constitutional rights to forego an insanity defense, to testify in his own defense, and to appear before the jury unmedicated were violated.

## ARGUMENT

When the interests of justice so require, this Court can provide for a financially eligible person investigative, expert and other services necessary for adequate representation when seeking relief pursuant to 28 U.S.C. § 2254. *See* 18 U.S.C. § 3006A(e). Pursuant to 18 U.S.C. § 3006A(e)(1), a petitioner needs to show expert services are "necessary." In making this decision, a district court must determine whether the future evidence will require an evidentiary hearing. *See Moseley v. French*, 6 F.Supp.2d 474, 478 (M.D.N.C. 1998), citing *Lawson v. Dixon*, 3F.3d 743, 753 (4th Cir. 1993), *cert. denied*, 510 U.S. 1171(1994). If no hearing will be held, an expert will not be needed. *See Moseley v. French*, 6 F.Supp.2d at 478. A petitioner seeking expert services must identify the state court findings and conclusions which are impaired, thus making a federal hearing necessary, similar to the matter whether to allow discovery in §2254 habeas actions. *Id.* The petitioner bears the burden of making a preliminary showing of "necessity." *Id.*, citing *Burris v. Parke*, 116 F.3d 256, 259 (7th Cir.), *cert. denied*, 522 U.S. 990 (1997).

In his motion for funds for an investigator, the petitioner claims an investigator is necessary for him to find witnesses and "demonstrate his innocence." *See* Motion for Funds for an Investigator. Furthermore, in his motion for funds for an expert in ballistics, the petitioner claims he requires an expert in ballistics "to adequately develop his defense." *See* Motion for Funds for An Expert In Ballistics. Habeas proceedings are not opportunities to retry state criminal cases. The appropriate forum for presenting new evidence in a habeas case is the state court. *See* Mass. R. Crim. P. 30(c). The petitioner simply is seeking to relitigate facts that already have already been determined against him in state court. Having failed to make his case

before the trial court and the Massachusetts Supreme Judicial Court, he seeks funds in the hope that it may uncover new theories of his defense. This is nothing short of an unlimited fishing expedition. *Cf. Hoffman v. Reali,* 973 F.2d 980, 985 (1st Cir. 1992)(groundless "fishing expedition" in search of a factual basis for a claim would not be appropriate in normal civil litigation). Indeed under the exhaustion doctrine, any new factual or legal basis for a habeas claim that was not presented in state court would render this petition unexhausted and subject to dismissal. *See Rose v. Lundy*, 455 U.S. 509, 518-19(1982); *see also Scarpa v. DuBois*, 38 F.3d 1, 6 (1st Cir. 1994), *cert. denied*, 513 U.S. 1129 (1995). Because petitioner has failed to establish that the funds for the expert services are necessary to support his petition for a writ of habeas corpus, his motions for funds for an expert in ballistics and an investigator should be denied.

## **CONCLUSION**

For the reasons set forth above, this Court should deny the petitioner's motions for funds for an expert in ballistics and an investigator.

        Respectfully submitted,

        MARTHA COAKLEY
        Attorney General

        s/ Eva M. Badway
        Eva M. Badway
        Assistant Attorney General
        Criminal Bureau
        One Ashburton Place
        Boston, Massachusetts 02108
        (617) 727-2200, ext. 2824

Dated: August 31, 2007        BBO # 635431

## Certificate of Service

 I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 31, 2007.

              /s/ Eva M. Badway
              Eva M. Badway